(No. 77-CC-1739— )

DONALD W. SPLAIN, Regional Superintendent of Schools, Logan and Menard Counties, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed December 22, 1980.*

DONALD W. SPLAIN, *pro se*, for Claimant.

POCH, J.

This matter comes before the Court upon the motion of Respondent to reconsider the Order denying Respondent's Motion to Dismiss entered on October 23, 1980, Claimant filed no objections to Respondent's motion to dismiss, and the Court being fully advised in the premises:

Finds:

1. Rule 14 of the Rules of the Court of Claims of the State of Illinois establishes that departmental reports issued by State departments or agencies are considered *prima facie* evidence of the facts set forth therein.

2. The departmental report issued by the State Board of Education, a State department or agency, establishes that the appropriation for these expenditures for fiscal year 75-76 and fiscal year 76-77 have been completely exhausted.

3. This departmental report is *prima facie* evidence of the facts set forth therein.

4. Article VIII, section 2(b) of the Constitution of the State of Illinois, 1970, states that:

"The General Assembly by law shall make appropriations for all expenditures of public funds by the State. Appropriations for a fiscal year shall not exceed funds estimated by the General Assembly to be available during that year."

5. The legislature of the State of Illinois has enacted Ill. Rev. Stat., ch. 127, par. 166, which states:

"No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in any amount in excess of the money appropriated, unless expressly authorized by law."

6. As the money appropriated for these expenditures has been completely exhausted, and as Article VIII, section 2(b) of the Illinois Constitution of 1970, and Ill. Rev. Stat., ch. 127, par. 166, prohibit deficiency appropriations, this cause must be dismissed with prejudice.

It is hereby ordered:

That the Order of October 23, 1980, is vacated and that the motion of Respondent be and the same is hereby granted and the claim herein is hereby dismissed.